STATE OF MINNESOTA                                                DISTRICT COURT

COUNTY OF HENNEPIN                                       FOURTH JUDICIAL DISTRICT

---

|  |  |
|---|---|
| Brandon Riley, | Case Type: Employment<br>Court File No.:_____ |
| Plaintiff, |  |
| v. | **SUMMONS** |
| Top Golf USA Brooklyn Center, LLC, |  |
| Defendant. |  |

---

THE STATE OF MINNESOTA TO THE ABOVE NAMED DEFENDANT(S):

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no Court file number on this Summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at Ahlberg Law, PLLC, 333 Washington Avenue North, Suite 300, Minneapolis, Minnesota, 55401.

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A Default Judgment can then be

entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: June 30, 2022                                AHLBERG LAW, PLLC

*/s/ Ryan H. Ahlberg*
Ryan H. Ahlberg (#0386520)
Union Plaza Building, Suite 300
333 Washington Avenue North
Minneapolis, Minnesota 55401
(612) 900-2269
rahlberg@ahlberglaw.com
Attorney for Plaintiff

## ACKNOWLEDGEMENT

The undersigned acknowledges that pursuant to Minn. Stat. § 549.211 sanctions may be awarded by the Court for violation of said section.

Dated: June 30, 2022                                */s/ Ryan H. Ahlberg*
                                                    Ryan H. Ahlberg (#0386520)

2

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

| | |
|---|---|
| Brandon Riley, | Case Type: Employment<br>Court File No.: _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Top Golf USA Brooklyn Center, LLC, | |
| Defendant. | |

Plaintiff Brandon Riley, as and for his Complaint against Defendant Top Golf USA Brooklyn Center, LLC, states and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Brandon Riley (hereinafter, "Riley") is an individual residing in Anoka County, Minnesota.

2. Defendant Top Golf USA Brooklyn Center, LLC (hereinafter, "Top Golf")[1], is a foreign limited liability company that maintains a registered office located at 1010 Dale Street North, St. Paul, Minnesota 55117

3. Jurisdiction is proper pursuant to Minn. Stat. § 543.19.

4. Venue is proper pursuant to Minn. Stat. § 542.09, as Riley's employment with Top

---

[1] Top Golf operates under several corporate entities registered with the Minnesota Secretary of State. All of the LLC's are likely joint employers under Minnesota law, however Riley is without sufficient information to conclusively assert this fact.

1

Golf was based out of Hennepin County, Minnesota.

## FACTUAL ALLEGATIONS

5. Riley worked at Top Golf for approximately three years as a bayhost and event ambassador. Riley worked between twenty and thirty hours per week, earning $10.33 an hour as a bayhost and $13.25 an hour as an event host.

6. On certain days and during certain times, Top Golf provided its employees a "family meal". Employees that missed this meal or were unable to participate due to a lack of food, were able to order food from the kitchen. In addition, employees were allowed to bring in outside food to consume. However, Top Golf did not provide its employees with sufficient time to consume a meal. Top Golf expected its employees to travel multiple flights of stairs and eat a meal all while maintaining a high level of service with its customers.

7. Due to being unable to clock-out and constantly having to be in multiple locations at the same time, many employees went without eating.

8. On or around April 23, 2022, Riley spoke with Stephen Rubenstein (hereinafter, "Rubenstein"), the director of operations about this problem. Rubenstein acted surprised by what Riley described to him.

9. Riley left the meeting feeling that Rubenstein was receptive and that the conversation went well. Rubenstein said that he would get back to him in a week.

10. Later, Riley found out from other managers that Rubenstein was always aware that

employees were unable to take meal breaks.

11. On or around April 29, 2022, or April 30, 2022, approximately one week after meeting with Rubenstein, Riley received a verbal write-up for missing a shift after Riley followed all requisite routines and procedures.

12. Top Golf used a hospitality health concierge, "Zedic" for its employees to ensure their wellness prior to a shift. If an employee did not pass the wellness screening, they were not required to come in.

13. Riley missed a shift due to suffering from diarrhea, nausea and vomiting. Out of courtesy, Riley messaged the employee chat to see if another employee wanted to take his shift. His shift went uncovered.

14. Riley asked Nadia Haadland (hereinafter, "Haadland"), a manager at Top Golf, if he needed to bring a doctor's note. Haadland said that he did not.

15. Although Riley was assured he did not need a note from his doctor by Haadland, and one was never required before – from Riley or any other employee – one was requisite now.

16. Riley signed his verbal warning not thinking anything additional would come of it and that it would drop-off in a few weeks.

17. Riley left for his scheduled vacation on or around May 8, 2022, to Austin, Texas.

18. Riley's schedule was posted on or around May 9, 2022, where Riley saw that he was scheduled to work the following Saturday, May 14, 2022, even though he

3

would still be out of town.

19. Riley asked Haadland to take him off the schedule, but she said to release his shift to see if someone else would take it. No one took the shift.

20. Half way through that week, Riley's shift was changed from bayhost to event ambassador by Shawn Hester (hereinafter, "Hester"). Hester told Riley that it was his responsibility to get his shift covered.

21. Riley may have only requested leave up to Saturday, May 14, 2022, instead of through Saturday, May 14, 2022. Being that it was probably his error and that he knew that he was not going to get his shift covered, Riley accepted that he would probably be written up again upon his return.

22. Riley worked his shift on Tuesday, May 17, 2022, and was written up for missing the previous Saturday.

23. Riley was then put on suspension from Friday, May 20, 2022, to Monday, May 23, 2022, while Rubenstein investigated for his misuse of the Zedic wellness screening and failure to provide a doctor's note.

24. On Monday, May 23, 2022, Rubenstein informed Riley that he was terminated for his alleged misuse of the wellness screening platform and failing to provide a doctor's note.

25. Riley's reprimand for missing a shift due to incorrectly scheduling his vacation is not questioned by the Plaintiff. However, Riley worked at Top Golf for three years

without issue, then within one week of speaking to Rebenstein about requisite meal break, Riley received multiple write-ups. Combined with Top Golf arbitrarily changing Zedic procedures, it is clear that Top Golf was looking for cause to terminate Riley for speaking out.

26. As a direct and/or proximate result of Defendant's conduct, Riley was left emotionally distraught over his termination manifesting in bouts of shock, betrayal, anxiety and depression.

27. As a direct and/or proximate result of Defendant's conduct, Riley has suffered damages, including but not limited to lost past earnings and benefits, lost future earnings and benefits, mental anguish and suffering, consequential damages, statutory damages, nominal damages, costs of suit, and attorney's fees.

## CAUSE OF ACTION I
### Minnesota FLSA Retaliation (*Minn. Stat. § 177.27*)

28. Paragraphs 1 through 27 are incorporated herein by reference.

29. Riley was entitled to assert rights under the Minnesota Fair Labor Standards Act and retaliation is prohibited by Minn Stat. § 177.32 Subd. 2.

30. Riley did, in fact, assert rights and remedies and therefore engaged in statutorily protected conduct.

31. Riley experienced retaliation and ultimately termination for making these reports, both adverse employment actions.

32. Riley's termination and statutorily protected conduct were causally connected.

33. As a direct and/or proximate result of Defendant's conduct, Riley has suffered damages in excess of $50,000 to be proved with further specificity at trial.

### CAUSE OF ACTION II
### Retaliation (Minn. Stat. § 181.03 Subd. 6)

34. Paragraphs 1 through 33 are incorporated herein by reference.

35. Riley was entitled to assert rights under the Minnesota Fair Labor Standards Act and retaliation is prohibited by Minn Stat. § 177.32 Subd. 2.

36. Riley did, in fact, assert rights and remedies and therefore engaged in statutorily protected conduct.

37. Riley experienced retaliation and ultimately termination for making these reports, both adverse employment actions.

38. Riley's termination and statutorily protected conduct were causally connected.

39. As a direct and/or proximate result of Defendant's conduct, Riley has suffered damages in excess of $50,000 to be proved with further specificity at trial.

**WHEREFORE**, Riley requests a **JURY TRIAL** on his claims and judgment against Top Golf as follows:

1. As to Cause of Action I, for judgment against Defendant in favor of Riley in an amount greater than $50,000.00 to be proved with further specificity at trial, and any other relief afforded by statute. Riley intends to move to amend his Complaint and assert a claim for punitive damages;

2. As to Cause of Action I, for judgment against Defendant in favor of Riley in an

amount greater than $50,000.00 to be proved with further specificity at trial, and any other relief afforded by statute. Riley intends to move to amend his Complaint and assert a claim for punitive damages;

3. For Riley's costs, disbursements and attorney's fees incurred herein;

4. For such other and further relief as the Court deems just and equitable.

Dated: June 30, 2022                     AHLBERG LAW, PLLC

*/s/ Ryan H. Ahlberg*
Ryan H. Ahlberg (#0386520)
Union Plaza Building, Suite 300
333 Washington Avenue North
Minneapolis, Minnesota  55401
(612) 900-2269
rahlberg@ahlberglaw.com
Attorney for Plaintiff

## ACKNOWLEDGEMENT

The undersigned acknowledges that pursuant to Minn. Stat. § 549.211 sanctions may be awarded by the Court for violation of said section.

Dated: June 30, 2022                     */s/ Ryan H. Ahlberg*
                                         Ryan H. Ahlberg (#0386520)